IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ and PRISCILLA HERNANDEZ, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 7:13-CV-91(HL) |
| v. | ) ) | |
| CROWN EQUIPMENT CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**STIPULATION AND AGREED CONFIDENTIALITY ORDER**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information ("Discovery Materials") in the above-referenced action.

1.  When used in this Stipulation and Order, the word "document" shall have the meaning under Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original written, recorded, electronic or graphic

materials, and all copies, duplicates, or abstracts thereof, including, but not limited to, notes on documents.  A party, person, or entity that produces or discloses Discovery Materials in connection with this action shall be referred to herein as the "Disclosing Party."

2.     All Discovery Materials produced or disclosed in this action shall be used solely for the prosecution or the defense (including any appeal therefrom) of such action and shall not be used for any other purpose.  Any person or entity in possession of Confidential Discovery Materials (as defined below) shall maintain those materials in a reasonably secure manner so that they are not further disclosed or used in any manner inconsistent with this Stipulation and Order.

3.     Any Discovery Materials produced or disclosed in connection with this action by a Disclosing Party that the Disclosing Party in good faith believes to constitute, include, contain, refer or relate to either:  (1) trade secret or other confidential research, development, financial, proprietary or commercial information that may be subject to a protective order under F.R.C.P. 26(c)(1)(G); or (2) confidential, non-public personal information concerning individuals such as, without limitation, social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, credit, and banking information, may be designated "Confidential" by the Disclosing Party.  Except as provided for in paragraph 4 below, the designation by any Disclosing Party of

Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has actually been reviewed by an attorney for the Disclosing Party and that there is a good faith basis for such designation.  Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

    4.    The Parties agree that the designation of any Discovery Material as Confidential is not intended to be, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible in this action, or reasonably calculated to lead to the discovery of admissible evidence.

    5.    Any party receiving Confidential Discovery Materials may disclose or make available such information only to the following persons:

    (a)    the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

    (b)    the named parties in this action (including in-house counsel, officers, directors and employees of the named parties who are involved in the management of this action and solely for the purpose of the prosecution, defense or resolution of such action);

    (c)    outside counsel for the named parties for the purpose of the prosecution, defense or resolution of this action;

(d) professional court reporters, stenographers or video operators transcribing depositions or testimony in this action;

(e) persons who are indicated on the face of the document to have been authors or recipients of the Confidential Discovery Materials;

(f) any outside expert, advisor or consultant retained by any named party in connection with this action;

(g) any person who is a fact witness or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection with their testimony in this action or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

(h) outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this action and computer personnel performing duties in relation to a computerized litigation system;

(i) any mediator or arbitrator engaged by the named parties in connection with this action; and

(j) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

The terms "counsel," "expert," "advisor," and "investigator" include their staff who are assigned to and necessary to assist such counsel, expert, advisor or investigator in connection with this action.

6.  The Confidential designation set forth in paragraph 3 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping or otherwise marking the Discovery Materials as "Confidential" on each page of the Confidential Discovery Materials to be deemed Confidential, or, in the case of depositions, as provided in paragraph 10 below. When Confidential Discovery Materials are disclosed in a form not appropriate for such placing or affixing, they shall be designated in writing as Confidential at the time they are delivered to the receiving party.

7.  Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. If such notice is given, all documents, materials or testimony so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of Confidential Discovery Materials, provided, however, that the foregoing provision shall not apply to any documents that had already otherwise become publicly available.

8.     Any inadvertent or mistaken production of material that a Disclosing Party claims is subject to the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, or any other privilege or protection from disclosure shall not operate to waive such privilege or protection from disclosure.  Within five (5) business days of learning that a document subject to the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, or any other privilege or protection from disclosure has been inadvertently or mistakenly produced, the Disclosing Party shall notify the party or parties to whom the document was produced in writing of the fact of the inadvertent disclosure, the date the inadvertent disclosure was first discovered, and the circumstances surrounding that discovery.  Within five (5) business days of receiving such written notice, the party or parties to whom the document was produced shall either:  i) notify the undersigned counsel for the Disclosing Party in writing of an objection to the designation of such material as privileged, or ii) return all copies of such discovery material to the undersigned counsel for the Disclosing Party.  A party's election to return the Discovery Material in accordance with this paragraph shall be without prejudice to that party's right to challenge, at a later date, the claim of privilege with respect to such Discovery Material.  If, at any time, a party notifies counsel for a Disclosing Party in writing of an objection to a claim of privilege with respect to a document that

was inadvertently produced, then within five (5) business days of the receipt of such notification, counsel for the Disclosing Party and the objecting party or parties shall meet-and-confer in an effort to resolve any disagreement regarding the Disclosing Party's claim of privilege. If, for whatever reason, the parties do not resolve their disagreement within that time period, the dispute shall be submitted to the Court for resolution in accordance with the procedure set forth in paragraph 15 below.

9. Upon receiving written notice of inadvertent disclosure from a Disclosing Party, the party or parties to whom the document was produced shall not thereafter use that Discovery Material or the information contained therein for any purpose, unless and until (a) the designation of privilege is deemed lifted pursuant to paragraph 15 below, or (b) the Court determines either that the document is not protected from disclosure or that any such protection was waived.

10. A Disclosing Party may designate as Confidential any portion of a deposition transcript deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material either orally at the deposition or in writing no later than thirty (30) calendar days after receipt of a deposition transcript. During such thirty-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" on

the face of the transcript at the beginning and end of any portions thereof designated as such. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Discovery Material. Copies of the transcript for counsel's use may contain both the Confidential testimony and other testimony in a single volume.

      11.    All non-parties, and their employees, to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 5(f) or 5(g) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order and that the Confidential Discovery Materials are being disclosed pursuant to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof. All such persons shall be required to execute a certification evidencing agreement with the terms of the Stipulation and Order in the form attached as Exhibit A, which shall be retained by counsel for the party who provided the Discovery Materials to such persons.

      12.    In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Materials, information derived therefrom, or any papers containing or making reference to such information, the pages containing such Confidential Discovery Materials shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the relevant action and which shall clearly bear the

stamp "CONFIDENTIAL."  All materials filed under seal shall be available to the Court and to counsel for the parties to this action for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Confidential and need not be preserved under seal. Redacted pages shall be filed in the public record.

13. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, shall promptly give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request.  The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time (not less than ten (10) business days unless the subpoena is received less than ten (10) days before compliance is sought) in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena.

14. No party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.  If, at any time, a party

objects to a designation of Discovery Materials as Confidential under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing.  Within five (5) business days of the receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet-and-confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential.  If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth in paragraph 15 below.  While any such application is pending, the documents or materials subject to that application will be treated as Confidential until the Court rules.  Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

15.    In the event of a dispute regarding the propriety of a Disclosing Party's (a) designation of particular Discovery Materials as "Confidential," or (b) assertion of a privilege with respect to inadvertently produced documents, which dispute is not resolved through the meet-and-confer described in paragraphs 8 or 14, the dispute shall be submitted to the Court for resolution as follows:  Within fifteen (15) calendar days after the meet-and-confer, or by such other deadline as

may be agreed to in writing by the participants to the meet-and-confer, the party objecting to the claim of privilege or confidentiality shall notify the Court as provided in the Court's Letter to Counsel dated August 22, 2013. [Doc. 10] Nothing herein shall be deemed to change the burdens of proof established by applicable law.

16. In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is actually discovered by the receiving party, all copies of the document shall be treated as "Confidential."

17. The terms of this Stipulation and Order shall remain in full force and effect until the final resolution of this action, that is until all appeals involving this action have been exhausted, the time to appeal in this action has expired, or the parties in this action have reached a final settlement of all pending claims between them ("Final Resolution"). Upon Final Resolution, all recipients of Confidential Discovery Materials shall either (a) use commercially reasonable efforts to destroy such materials and provide a certification to the Disclosing Party stating that the Disclosing Party's documents have been destroyed; or (b) return such materials to the Disclosing Party at the Disclosing Party's request. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits and other court filings, or

attorney work product, correspondence, transcripts or Court opinions and orders (although the restrictions imposed herein continue to apply to such retained documents). Notwithstanding the foregoing provisions of this Paragraph 17, counsel for Plaintiff, at counsel's sole discretion, may retain Confidential Discovery Materials for a period of four years (being the period for the running of the statute of limitations for any claim of legal malpractice that might be asserted against them), for the limited purpose of using, as necessary, the Confidential Discovery Materials in the defense of any legal malpractice claim arising from this action that is made against counsel, and the Confidential Discovery Materials may not be disclosed to third parties outside of any such action. At the conclusion of any such malpractice action, or four years, whichever first occurs, the Confidential Discovery Materials shall be destroyed or returned as provided for in this Paragraph 17.

18. This Stipulation and Order shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at any trial or hearing of this action.

19. Each party shall have the responsibility, through counsel, to promptly advise the Disclosing Party of any losses or compromises of the confidentiality of information or documents governed by this Stipulation and Order. It shall be the

responsibility of the party that lost or compromised the Confidential Discovery Materials to take reasonable measures to limit the loss or unauthorized disclosure.

20. Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as Confidential pursuant to this Stipulation and Order. In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use or dissemination of any documents, information or material that:

(a) was, is or becomes public knowledge, not in breach of this Stipulation and Order; or

(b) was acquired by a party from a non-party having the right to disclose such information or material or was learned by a party as a result of that party's own independent efforts, investigation or inquiry.

21. This Stipulation and Order shall not prejudice in any way the rights of any party to introduce into evidence at any trial of this action any document, testimony or other evidence subject to this Stipulation and Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order.

22. Any non-party producing Discovery Materials in this action may be included in this Stipulation and Order by endorsing a copy of this Stipulation and

Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties. The parties to this action may designate Discovery Materials produced by other parties or nonparties as Confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

23. In the event that additional persons become parties to this action, or in the event related cases are commenced, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the new parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

24. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

25. The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any

motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

DONE AND ORDERED this 5th day of November, 2013.

*s/ Hugh Lawson*  
Hugh Lawson, Judge  
United States District Court

**Consented and agreed to by:**

s/ Michael J. Warshauer
**WARSHAUER LAW GROUP, P.C.**
Michael J. Warshauer
Georgia Bar No. 018720
mjw@warlawgroup.com
Darl H. Champion, Jr.
Georgia Bar No. 910007
dhc@warlawgroup.com
3350 Riverwood Parkway
Suite 2000
Atlanta, Georgia 30339
Phone: 404-892-4900
*Attorneys for Plaintiffs*

s/ Richard K. Hines, V
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com
Sanjay Ghosh
Georgia Bar. No. 141611
sanjay.ghosh@nelsonmullins.com
Atlantic Station, 201 17th Street, NW
Suite 1700
Atlanta, GA  30363
Phone: 404-322-6000

**COLEMAN TALLEY LLP**
Edward F. Preston
Georgia Bar No. 587416
ed.preston@colemantalley.com
910 N Patterson Street
Valdosta, GA 31601
Phone: (229) 242-7562

**GOODELL, DEVRIES, LEECH & DANN, LLP**
Thomas J. Cullen Jr.
tjc@gdldlaw.com
Kali A. Enyeart (*pro hac* to be filed)
kenyeart@gdldlaw.com
One South Street
20th Floor
Baltimore, MD 21202
Phone: 410-783-4000

*Attorneys for Crown Equipment Corporation*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ and PRISCILLA HERNANDEZ, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 7:13-CV-91(HL) |
| v. | ) ) | |
| CROWN EQUIPMENT CORPORATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**CERTIFICATION CONCERNING CONFIDENTIAL MATERIAL
COVERED BY STIPULATION AND ORDER**

I, _____, declare that:

1. I have received a copy of the Stipulation and Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in the Stipulation and Order as permitted access to information designated "Confidential" by a Disclosing Party.

2. I will comply with all of the provisions of the Stipulation Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not copy or use for purposes other than for this action any information designated "Confidential" that I

receive in this action, except to the extent that such information designated "Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Stipulation and Order.

3. I agree to subject myself personally to the jurisdiction of the Court for the purpose of proceedings relating to my performance under, compliance with, or violation of this Stipulation and Order.

4. I understand that disclosure of information designated "Confidential" in violation of this Stipulation and Order may constitute contempt of court.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature