IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**JOSE HERNANDEZ and PRISCILLA HERNANDEZ,**

    Plaintiffs,

v.

**CROWN EQUIPMENT CORP.,**

    Defendant.

Civil Action No. 7:13-CV-91 (HL)

### ORDER

Before the Court are Plaintiffs' Motion for Reconsideration of the Court's Denial of Portions of Plaintiffs' Motion to Exclude Defendant's Experts Ronald Grisez, Dan Dunlap, Charles Watkins, and Thomas McNish (Doc. 101) and Plaintiffs' Motion for Reconsideration of the Order Granting Defendant's Motion to Exclude the Expert Testimony of Mark Elrod (Doc. 102). The motions are denied.

Motions for reconsideration are not to be filed as a matter of "routine practice." M.D. Ga. Local Rule 7.6. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003). Thus, a motion for reconsideration is only appropriate if the movant can show that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously

available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Wallace v. Ga. Dep't of Transp., Civil Action No. 7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006) (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997)).

There is no basis for granting either motion for reconsideration. Plaintiffs' motion for reconsideration with regard to the order excluding their expert Mark Elrod does not fit into any of the three categories listed in Wallace. Plaintiffs maintain, incorrectly, that the Court misunderstood the factual record in excluding the expert. However, even if this were the case, a mistake of fact is not grounds for a motion for reconsideration. Plaintiffs justify the other motion for reconsideration on the grounds that they have now deposed Dr. Michael Scott, whose research was used by Defendant's experts, and that the evidence given by Dr. Scott supports excluding Defendant's experts. The Court disagrees. There is nothing in the deposition that causes the Court to reconsider its earlier order.

**SO ORDERED**, this the 11th day of May, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr